CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 0 4 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THOMASINA A. BRADFORD, | CASE NO. 3:04CV00093 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler  U. S. Magistrate Judge |
| Defendant, | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 1, 2002 claim for a supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 1381 *et seq.* is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, and REMANDING the case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements

1

of the Act through the date of the decision. (R. 27.) He determined that the medical evidence established plaintiff suffered the impairments of HIV infection and nephritic syndrome which were severe but which did not meet or equal the requirements of any listed impairment. (*Id.*) Further, the Law Judge did not find plaintiff's allegations concerning the limitations from her impairments to be credible, and found that plaintiff "is currently able to perform sedentary, light, and medium work and that there has not been any period of twelve consecutive months when [she] could not have performed sedentary, light and medium work." (R. 27, 25.) Finding the plaintiff's past relevant work as a hairdresser, photo clerk, bank clerk, payroll clerk, and nursing home assistant did not require the performance of work-related activities precluded by her residual functional capacity, the Law Judge concluded that plaintiff was not prevented from performing her past relevant work. (R. 25.) Notwithstanding this finding, the Law Judge proceeded to the final level of the sequential evaluation and applied the Medical-Vocational Guidelines ("grids") to compel a conclusion that plaintiff was not disabled under the Act. (R. 26.)

While the case was on administrative appeal to the Appeals Council, plaintiff submitted additional evidence of medical records. (R. 275-276.) The Appeals Council summarily concluded that neither the additional evidence nor the record as a whole did not provide a basis for granting a request for review. (R. 6-8.) Thus, the Appeals Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

Although the Law Judge found that plaintiff's impairment(s) did not prevent her from performing her past relevant work, he proceeded to the next and final step in the sequential evaluation process. In that regard, a vocational expert (VE) testified at the hearing. (R. 376-

379.) However, the Law Judge relied entirely on the grids to compel a conclusion that plaintiff was not disabled from sedentary work. (R. 26.) In that connection, whenever a claimant has demonstrated an inability to perform his/her past relevant work, the burden shifts to the Commissioner to demonstrate that alternate gainful activity is available to a person with the claimant's maladies and their effects, which the Commissioner can discharge only by the presentation of vocational evidence where non-exertional limitations on the claimant's ability to perform work-related function are present. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). Moreover, for the testimony of a VE to be relevant, the VE must be permitted to consider all the evidence in the record material to the claimant's limitations and their effects on the claimant's work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the Commissioner cannot be viewed as having properly discharged her sequential burden.

The Commissioner also is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 416.927-404.946; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The court should not substitute its judgment for that of the Commissioner in these matters, but must determine whether there is substantial evidence to support his conclusions. On the other hand, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial

3

Case 3:04-cv-00093-NKM-BWC   Document 15   Filed 08/04/05   Page 3 of 8   Pageid#: 71

evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

The Appeals Council has a duty to consider new and material evidence offered on administrative appeal, so long as that evidence is relevant to the period under consideration. 20 C.F.R. § 416.1470(b) (1999); *Wilkins v. Secretary*, 953 F.2d 93, 95 (4th Cir. 1991); *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D.Va. 2000). Evidence is "new" within the meaning of the regulations if it is not duplicative or cumulative, and evidence is "material" if there is a reasonable possibility that the new evidence would have changed the Commissioner's decision. See, *Wilkins*, 953 F.2d at 96; *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985). In considering the evidence, the Council must do more than offer scant discussion of it. *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). Instead it has a duty to make specific findings regarding the weight it has given the new evidence. Where the Council fails to do so, and where the evidence does not otherwise compel a court to enter judgment as a matter of law on the record before it, thus rendering the purpose of a remand unnecessary, the better practice is for a reviewing court to remand the case back for further proceedings in order to give the Commissioner an opportunity to make findings of fact that can be meaningfully assessed on judicial review.

It is beyond the undersigned how obvious process errors, much less substantive errors, could have escaped review by the Appeals Council. The most notable process error appears on the face of the Law Judge's decision when he attempted alternatively to adjudicate the case both at the fourth and fifth levels of the sequential evaluation in contravention of the Commissioner's

4

own regulations. 20 C.F.R. § 404.1520. Such an error could be considered reversible and, at the very least, would demonstrate good cause to remand for further proceedings. There is more to this case, however.

A vocational expert (VE) was present and testified at the hearing, and under the present regulations, could have been called to render opinions related solely the plaintiff's past relevant work. 20 C.F.R. § 416.960 (b)(2) The Law Judge went further and propounded questions relating to whether any alternative jobs would be available to the plaintiff certain assumptions, in response to which the VE identified jobs that would be available in the economy. (R. 378.) However, the VE testified that the jobs he identified would not be available to someone who experienced "marked" mental limitations as set forth in Exhibit 9 in the transcript (R. 262-263; 379.) This was so because, in the VE's own words, "the definition of marked is seriously limitation [sic] such that performance in this area would be unsatisfactory, so obviously the ability to sustain employment for very long would not be possible if that were true." (R. 379-380.) If any meaningful credit were given plaintiff's medical evidence relating to her mental impairment, or if due credit were given to the effects of that impairment as revealed either by the medical sources or by plaintiff's lay evidence, the testimony of the Commissioner's own VE would compel a conclusion that plaintiff was disabled. However, there yet is more to this case.

The Law Judge seems to the undersigned to have gone almost to extreme lengths to completely discount the severity or effects of any mental disorder claimed by plaintiff. The undersigned makes this observation because there are numerous reports from doctors who treated the plaintiff for her physical maladies that she also suffered depression, and that plaintiff suffered a mental impairment was confirmed by her treating psychiatrist. (R. 147, 169, 198, 226, 230,

5

232, 236, 262-263, 302, 317, 329-339, 343, 344-345, 353-356.) The Law Judge's rejection of all the evidence relating to plaintiff's mental impairment seems to go something like this: 1) the Mental Limitations Assessment Form originally completed by plaintiff's treating psychologist and then revised by her psychiatrist failed to provide any "reasonable explanation as to why two treating sources would give such radically different assessments;" 2) alternatively, the record showed no significant contact with the psychiatrist before July 31, 2003; 3) alternatively once more, the plaintiff successfully "persuaded and committed her social worker" to advance her claim without exploring job training. (R. 22-23, 262-263.) When coupled with his alternative findings at the fourth and fifth levels of the sequential evaluation, it seems as though the Law Judge hedged every one of his important findings, except one, of course, and that was that plaintiff was not disabled.

The explanation given for the discrepancy found on Exhibit 9 is not unreasonable as a matter of law and it is uncontradicted. Thus, the undersigned finds that Law Judge's out-of-hand rejection of it to be erroneous. Moreover, there is no record support for the Law Judge's conclusion that Dr. Marzini was not plaintiff's treating psychiatrist, and his attempt to discount Dr. Marzini's views based upon some perception of collusion between the plaintiff and her social worker hangs by a thread that simply cannot support its weight. Rather, it appears that the Law Judge went to great lengths to tailor his finding that Marzini was not a treating physician both to discount it as a report from a non-treating source and to buttress his reliance on the state agency analysis of the case, though going to great lengths to do so. (R. 23-24.) Otherwise the Commissioner's own regulations would have required the law Judge to set forth an explanation for not crediting the treating source information as controlling. 20 C.F.R. §416.927.

Case 3:04-cv-00093-NKM-BWC   Document 15   Filed 08/04/05   Page 6 of 8   Pageid#: 74

Not only does the instant record show consistent and long-term treatment for plaintiff's mental disorder, the medical and psychological records offered on administrative appeal reveal that plaintiff's psychological/psychiatric symptoms have continued. This evidence was and is sufficiently relevant and material to plaintiff's claim that it deserved more than the dismissive attention it received on administrative appeal. At the very least, this evidence would have had a bearing on the vocational testimony for it demonstrates the presence of non-exertional limitations impacting plaintiff's work-related capacity, both in the past and into the future.

The undersigned also is concerned about the Law Judge's finding that plaintiff made "deliberate misrepresentations" about her past work, resulting in a conclusion that "none of the claimant's self-serving statements should be fully credited." (R. 17-18.) The record does not disclose to the undersigned any deliberate misrepresentations about her employment. There was evidence adduced at the hearing that plaintiff had engaged in a two-month work attempt with Trinity Mission, and she amended the alleged date of onset of disability in light of this effort. (R. 361.) The Law Judge specifically found that this work attempt did not constitute substantial gainful activity, though, despite plaintiff's uncontradicted explanation, he found her to have deliberately misrepresented her past work. (R. 18.) This conclusion is not supported by substantial evidence.

In the end, the undersigned is of the view that the Commissioner's final decision is not supported by substantial evidence, but that there is good cause to remand the case to the Commissioner for further proceedings It is RECOMMENDED that an order enter REVERSING the Commissioner's final decision but REMANDING the case to the Commissioner for further proceedings. The order of remand should direct that, in the event the Commissioner is unable to

7

grant benefits on the current record, she is to recommit the case to a Law Judge for supplemental evidentiary proceedings at which time both sides could present additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U. S. Magistrate Judge

8/4/05
Date

8

Case 3:04-cv-00093-NKM-BWC   Document 15   Filed 08/04/05   Page 8 of 8   Pageid#: 76